1    Cyrus V. Godfrey (Bar No. 65945)
     **LAW OFFICES OF CYRUS V. GODFREY**
2    360 North Bedford Drive, Suite 204
     Beverly Hills, California 90210-5157
3    Telephone: (310) 278-8871
     Fax: (310) 271-6041
4
5    David Goldman (Bar No. 76551)
     Thiele R. Dunaway (Bar No. 130953)
     **WENDEL, ROSEN, BLACK & DEAN LLP**
6    1111 Broadway, 24th Floor
     Oakland, CA 94607-4036
7    Telephone: (510) 834-6600
     Fax: (510) 834-1928
8
9    Attorneys for Plaintiff
     BANCO INVEX, S.A., INSTITUCIÓN DE
     BANCA MULTIPLE, INVEX GRUPO
10   FINANCIERO

11

12                   UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15   BANCO INVEX, S.A., INSTITUCIÓN       Case No.
     DE BANCA MULTIPLE, INVEX
16   GRUPO FINANCIERO,                    **COMPLAINT FOR ENTRY OF**
                                          **JUDGMENT UNDER THE UNIFORM**
17                   Plaintiff,           **FOREIGN JUDGMENT**
                                          **RECOGNITION ACT**
18          vs.

19   NORTH AMERICA
     ENVIRONMENTAL FUND, L.P., a
20   California limited partnership,

21                   Defendant.

22

23          Banco Invex, S.A., Institución De Banca Multiple, Invex Grupo Financiero,

24   ("Bank") brings this complaint to obtain a judgment against defendant based upon entry

25   of a foreign judgment, as more fully set forth below:

26   **PARTIES**

27          1.      Plaintiff Bank is a bank duly licensed under the laws of Mexico, doing business in

28   Mexico at the following location, BANCO INVEX, S.A., INSTITUCIÓN DE BANCA

*Wendel, Rosen, Black & Dean LLP*
*1111 Broadway, 24th Floor*
*Oakland, CA 94607-4036*

1  MULTIPLE, INVEX GRUPO FINANCIERO, Blvd. Manuel Avila Camacho No. 40 Piso 9,

2  Torre Esmeralda I, Delegación Miguel Hidalgo, Mexico, D.F., C.P. 11000.  Bank is a citizen of

3  the Country of Mexico.

4      **2.**      Defendant North America Environmental Fund, L.P., ("NAEF") is a limited

5  partnership organized under the laws of the State of California, with its principal place of

6  business in the State of California and is thus a citizen of the State of California.

7  **JURISDICTION AND VENUE**

8      **3.**      This Court has jurisdiction over this action under 28 U.S.C. 1332 (a) (2) because

9  there is diversity of citizenship between plaintiff and defendant.  Venue is proper in this judicial

10  district under 28 U.S.C. 1391 (a) (2), and (c) because payment of the credit agreements

11  guaranteed by defendant was to be made in Concord, California, which is within this judicial

12  district.

13  **HISTORICAL BACKGROUND OF JUDGMENT**

14      **4.**      In April 2000, Bank filed an action before the Supreme Court of Justice in and for

15  the Federal District, Thirty-Eight Civil Court in Mexico City, Mexico, to enforce certain credit

16  agreements and related modifications and promissory notes (collectively, the "credit agreements")

17  between it and Reciclados De Mexico SA., De C.V. (hereinafter "Reciclados" or "Borrower").

18  The court in Mexico ruled that the Bank needed to pursue its case in California, the place

19  specified in the credit agreements for payment.  Rather than challenge that ruling, on November

20  1, 2000, Bank filed an action in the United States District Court for the Northern District of

21  California, *Banco Invex, S.A. Institucion de Banca Multiple, Invex Grupo Financiero v. North*

22  *American Environmental Fund, L.P., et al.*, Case No. C 00 4030 (WHA) ARB (the "Collection

23  Action"), to enforce the credit agreements, including recovering payment of its loans, interest,

24  attorney's fees and costs.  NAEF was named as a defendant in that Collection Action, along with

25  two companies that Bank believed had liability under California partnership law.

26      **5.**      NAEF and the other defendants brought a motion to dismiss the Collection Action

27  on various grounds, including claims of improper venue and forum non conveniens.  The Court

28  did not grant the motion, but instead stayed the Collection Action so that Bank could pursue

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1   enforcement of the credit agreements in Mexico.  When the proceedings in Mexico took longer

2   than anticipated, the parties stipulated in February 2002 to dismiss the Collection Action without

3   prejudice to Bank's seeking further relief from this Court.

4        **6.**      On May 2, 2001, Bank filed an action to enforce the credit agreements in the

5   Superior Court of the Federal District-Mexico ("Mexico Court") in the United Mexican States

6   against Reciclados, Servicios Recimex, S.A. de C.V., and North American Environmental Fund,

7   L.P., seeking the full aggregate principal amount of Five Hundred Nine Thousand Dollars (U.S.)

8   ($509,000), together with ordinary and default interest at the rates set forth in the credit

9   agreements, in action file number 291/2001 ("Mexico Action").

10       **7.**      Proper notice and service of process in the Mexico Action was made on

11  Reciclados, Servicios Recimex, S.A. de C.V. and defendant NAEF.  Reciclados and NAEF

12  appeared in the Mexico Action and asserted various defenses against the Bank's claims.

13  Servicios Recimex, S.A. de C.V. failed to appear in that action.

**THE JUDGMENT GRANTED MONETARY RELIEF TO BANK**

15       **8.**      A final judgment was entered in the Mexico Action on August 18, 2005

16  ("Judgment"), in which the Mexico Court ruled that NAEF, Reciclados de Mexico, S.A. de C.V.,

17  and Servicios Recimex, S.A. de C.V. are to pay to Bank "the equivalent in Mexican Pesos to

18  FIVE HUNDRED AND NINE THOUSAND UNITED STATES DOLLARS, at the currency in

19  force as of the date of payment, <u>also a ruling is made against the Co-Defendants on payment of</u>

20  <u>the ordinary and default interests agreed upon, which shall be settled during the execution of</u>

21  <u>judgment stage pursuant to the rates as stated in the underlying credit contracts of the lawsuit and</u>

22  <u>their modifying agreements and also a ruling against the Co-Defendants is made on payment of</u>

23  <u>the default interests agreed upon, which shall be settled during the execution of judgment stage</u>

24  <u>pursuant the rates as stated in the underlying credit contracts of the lawsuit and their modifying</u>

25  <u>agreements, earned as of March the Nineteenth, Nineteen Ninety Nine and all of those that</u>

26  <u>continue to be earned until full payment is made, as provided in the underlying documents of the</u>

27  <u>lawsuit.</u>".  A true and correct copy of a certified copy of that Judgment is attached hereto as

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1  Exhibit A.  A true and correct copy of an English translation of that Judgment translated by a

2  court-approved translator is attached hereto as Exhibit B.

3      **9.**      According to the terms of the credit agreements, ordinary interest is calculated as

4  the London Interbank Offering Rate ("LIBOR") of 5.06063 percent plus the percentage rate of

5  9.93937 percent provided in the promissory notes, for a total interest rate of fifteen percent (15

6  %), and default interest is calculated as the LIBOR rate of 5.06063 percent plus five percent for a

7  total of 10.06063 percent, which is then to be multiplied by two, for a total of 20.121260 percent.

8      **10.**    The Judgment further provides that "[a] ruling is made against the Co-Defendants

9  NORTH AMERICAN ENVIRONMENTAL FUND, L.P., RECICLADOS DE MEXICO, S.A.

10  DE C.V. and SERVICIOS RECIMEX, S.A. DE C.V. on payment of costs in this case."

11      **11.**    NAEF, Reciclados and Servicios Recimex, S.A. de C.V. were given timely and

12  proper notice of the entry of the Judgment.

13      **12.**    The Judgment is final, conclusive and enforceable.  It has not been vacated,

14  modified, stayed, or set aside.

15      **13.**    By reason of the foregoing, Bank is entitled to enforcement of the Judgment in the

16  United States.

17      **14.**    In accordance with the Judgment, Bank also requests costs awarded in the Mexico

18  Action, which costs include $21,654.11 in fees and expenses pursuant to the law of Mexico

19  incurred in the Mexico Action, as well as $67,919.42 in fees and expenses incurred in the

20  Collection Action.  Pursuant to the Judgment, Bank also requests ordinary and default interest at

21  the rates set forth in the credit agreements.  As of January 18, 2008, accrued ordinary interest

22  totals $643,284.76 UNITED STATES DOLLARS, and accrued default interest totals

23  $862,021.90 UNITED STATES DOLLARS, making the total amount due and owing under the

24  Judgment $2,103,880.19, together with additional ordinary and default interest as may accrue

25  from and after January 18, 2008, and during the pendency of this proceeding.

26      **15.**    Bank also requests attorneys' fees incurred in this proceeding as set forth in the

27  agreements and as may be permitted by law.

28      WHEREFORE, plaintiff Bank prays for relief against defendant NAEF as follows:

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

1    **1.**    That judgment be entered against defendant NAEF that incorporates the terms of

2    the Judgment as follows:  for the sum of the equivalent in Mexican Pesos to FIVE HUNDRED

3    AND NINE THOUSAND UNITED STATES DOLLARS, at the currency in force as of the date

4    of payment, as well as payment of the ordinary interest agreed upon, which shall be settled during

5    the execution of judgment stage pursuant to the rates as stated in the underlying credit contracts

6    of the lawsuit and their modifying agreements, and also payment of the default interest agreed

7    upon, which shall be settled during the execution of judgment stage pursuant the rates as stated in

8    the underlying credit contracts of the lawsuit and their modifying agreements, which ordinary and

9    default interest has accrued from March 19, 1999, and continues to accrue until full payment is

10    made, as provided in the underlying documents of the Mexico Action, as well as payment of costs

11    incurred.

12    **2.**    That plaintiff have and recover its attorneys' fees, expenses and taxable costs and

13    disbursements incurred herein;

14    **3.**    That plaintiff be granted such other and further relief as the Court may deem just

15    and equitable.

16    Dated: January 18, 2008                    Wendel, Rosen, Black & Dean LLP

17

18                                    By: _____

19                                        Thiele R. Dunaway
                                        Attorneys for Plaintiff
20                                        BANCO INVEX, S.A., INSTITUCIÓN
                                        DE BANCA MÚLTIPLE, INVEX
21                                        GRUPO FINANCIERO

22

23

24

25

26

27

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036



D.F. (T.S. DE J.) SALAS. 6

*"150 AÑOS IMPARTIENDO JUSTICIA"*

COLEGIADA
MAG. PONENTE: LIC. MARÍA
DEL SOCORRO VEGA ZEPEDA

PONENCIA DOS
PROYECTO 839
ROSAURA

ADO PONENTE México, Distrito Federal a dieciocho de agosto del año dos mil cinco.

V I S T O nuevamente el Toca 1361/2003/1, para dictar resolución **en cumplimiento a la ejecutoria** dictada por el Décimo Segundo Tribunal Colegiado en Materia Civil del Primer Circuito, el once de agosto de dos mil cinco, en el juicio de Amparo Directo **D.C. 430/2005** promovido por **BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO**, relacionado con los amparos directos 460/2005 y 461/2005, en contra de la sentencia dictada por ésta Sala el veintitrés de mayo de dos mil cinco, en el recurso de apelación promovido por la parte ACTORA en contra de la sentencia definitiva de fecha catorce de marzo de dos mil cinco, dictada por el **C. JUEZ VIGÉSIMO SÉPTIMO DE LO CIVIL** en los autos del juicio **EJECUTIVO MERCANTIL** seguido por **BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, GRUPO FINANCIERO** en contra de **RECICLADOS DE MÉXICO, S.A. DE C.V., SERVICIOS RECIMEX, S.A. DE C.V. ENVIROMENTAL FUND, L.P.**, expediente número 291/2001 ay.

R E S U L T A N D O

1.- En los autos del juicio **EJECUTIVO MERCANTIL** seguido por **BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE INVEX GRUPO FINANCIERO** en contra de **RECICLADOS DE MÉXICO, S.A. DE C.V., SERVICIOS RECIMEX, S.A. DE C.V.** Y **NORTH AMERICA ENVIROMENTAL FUND, L.P.**, expediente número 291/2001, ante el **JUZGADO VIGÉSIMO SÉPTIMO DE LO CIVIL** el catorce de febrero de dos mil

**Exhibit A**

SIN TEXTO

2

cinco, el C. Juez dictó sentencia definitiva que concluyó con los siguientes puntos resolutivos:

"PRIMERO.- Es improcedente la vía Ejecutiva Mercantil en que se tramitó el presente negocio jurídico, pues no se constituyó el título ejecutivo que prevé el primer párrafo del artículo 68 de la Ley de Instituciones de Crédito, y consecuentemente, no se entra al estudio del fondo de la cuestión, ni se analizan las excepciones y defensas opuestas por las sociedades enjuiciadas en sus escritos de contestación a la demanda, pues de hacerlo sería ocioso, ya que en nada variaría el sentido de lo considerado al respecto.--------------------------
--- SEGUNDO.- Se dejan a salvo los derechos de la demandante BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX GRUPO FINANCIERO, para que los haga valer como en derecho corresponda.--------------------------------
--- TERCERO.- Se ordena levantar el embargo trabado en autos sobre los bienes de las codemandadas RECICLADOS DE MÉXICO, S.A. DE C.V., y NORTH AMERICA ENVIROMENTAL FUND, L.P., esto una vez que la presente resolución sea legalmente ejecutable.--------------------------
--- CUARTO.- Se condena a la enjuiciante al pago de costas en esta instancia.--------------------------
--- QUINTO.- Notifíquese."------------------------

2.- Inconforme con la Sentencia que ha quedado transcrita en el resultado que antecede, la parte actora BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX GRUPO FINANCIERO interpuso recurso de apelación, y esta Sala REVOCÓ el fallo recurrido con fecha veintitrés de mayo del año dos mil cinco en los siguientes términos:

"PRIMERO.- Resultó procedente la VÍA EJECUTIVA MERCANTIL en que se tramitó el presente negocio jurídico, en la que la actora probó parcialmente su acción y los codemandados NORTH AMERICAN ENVIROMENTAL FUND, L P. y RECICLADOS DE MÉXICO, S.A. DE C.V. probaron parcialmente sus excepciones de falta de acción y la codemandada SERVICOS RECIMEX, S.A. DE C.V. se constituyó en rebeldía..------
--- SEGUNDO.- Se condena a las codemandadas NORTH AMERICAN ENVIROMENTAL FUND, L P.;



SIN TEXTO





RECICLADOS DE MÉXICO, S.A. DE C.V. y SERVICIOS RECIMEX, S.A. DE C.V. a pagar a la actora BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE INVEX GRUPO FINANCIERO, dentro de los CINCO DIAS siguientes a que cause ejecutoria la presente sentencia, el equivalente en pesos mexicanos de QUINIENTOS NUEVE MIL DOLARES DE LOS ESTADOS UNIDOS DE AMERICA, al tipo de cambio vigente a la fecha en que se realice el pago, así como los intereses ordinarios y moratorios pactados, mismos que se liquidarán en la etapa de ejecución de sentencia conforme a las tasas establecidas en los contratos de crédito base de la acción y sus convenios modificatorios, considerando como fecha de mora el nueve de agosto de dos mil dos.-----------

--- TERCERO.- Se absuelve a la demandada del pago de la prestación marcada con el inciso d) de la demanda.--------------------------------------------------

--- CUARTO.- Se condena a las codemandadas NORTH AMERICAN ENVIROMENTAL FUND, L. P., RECICLADOS DE MÉXICO, S.A. DE C.V. y SERVICIOS RECIMEX, S.A. DE C.V. al pago de costas en esta instancia.------------------------------------------------

--- QUINTO.- Notifíquese."----------------------------

3.- Inconformes con la sentencia antes mencionada, las partes promovieron juicios de Amparo Directo relacionados DC-430/2005, DC-460/2005 y DC-461/2005, en los que el Décimo Segundo Tribunal Colegiado en Materia Civil del Primer Circuito, en el primero de los citados amparos, dictó sentencia de fecha once de agosto de dos mil cinco, en la que CONCEDE al quejoso BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX GRUPO FINANCIERO el amparo y protección de la Justicia Federal; y por lo que se refiere a los amparos DC-460/2005 y DC-461/2005, se NEGÓ el amparo y protección de la Justicia Federal a las codemandadas NORTH AMERICA ENVIROMENTAL FUND, L.P. y RECICLADOS DE MÉXICO, S.A. DE C.V. por las razones que se dichas ejecutorias de amparo.

Expuesto lo anterior, y





D.F. (T. S. DE J.) SALAS. 6

4



RADO PONENTE



# C O N S I D E R A N D O S

**I.-** La sentencia de amparo que ahora se cumple, dice en su parte conducente:

"...De lo anterior se advierte que resulta ilegal la determinación de la Sala responsable dado que la actora sí señaló la fecha en la cual la acreditada dejó de cumplir con las obligaciones derivadas de los contratos de apertura de crédito y sus respectivos convenios modificatorios así como los pagarés, pues adujo como fecha de incumplimiento el diecinueve de marzo del mil novecientos noventa y nueve, por tanto, como la Sala determinó como fecha de mora el nueve de agosto del(sic) dos mil dos, se violó en perjuicio de la quejosa lo dispuesto en los artículos 14 y 16 de la Constitución General de la República.---------------

--- A virtud de lo anterior, se concede el amparo y <u>protección de la Justicia Federal a la quejosa para que la Sala responsable deje insubsistente la sentencia reclamada y en su lugar dicte otra en la que condene a las codemandadas al pago de los intereses moratorios a partir del día diecinueve de marzo de mil novecientos noventa y nueve y hasta que se realice el pago total conforme se determinó en los documentos base de la acción.</u>---------------

--- La concesión anterior se hace extensiva a los actos de ejecución que se reclaman del Juez Vigésimo Séptimo de lo Civil del Tribunal Superior de Justicia del Distrito Federal, por no reclamarse por vicios propios, sino por ser una consecuencia de los actos de la ordenadora. Sirve de apoyo la tesis jurisprudencial 88 visible en la página 70, Tomo VI, Materia Común, del último Apéndice al Semanario Judicial de la Federación 1917-2000, que a la letra dice: "AUTORIDADES EJECUTORAS, ACTOS DE, NO RECLAMADOS POR VICIOS PROPIOS".- Si La sentencia de amparo---

**II.-** Atento a lo ordenado en la ejecutoria Federal que se cumplimenta, dictada en el amparo D.C. 430/2005 promovido por la parte actora BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX GRUPO FINANCIERO, esta Sala deja insubsistente la sentencia que pronunció el veintitrés de mayo de dos mil cinco, y en su

NOVENA SALA
CIVIL





D.F. (T.S. DE J.) SALAS. 6

5

lugar dicta una nueva sentencia, en la que se condena a las codemandadas al pago de los intereses moratorios a partir del día diecinueve de marzo de mil novecientos noventa y nueve y hasta que se realice el pago total conforme se determinó en los documentos base de la acción, pero reiterando las consideraciones y resoluciones que no fueron materia de la protección Federal, lo que se procede a hacer en los siguientes términos.

III.- La parte actora, ahora apelante, hizo valer sus agravios contenidos en su escrito presentado el primero de abril de dos mil cinco, los que se tienen por íntegramente reproducidos en este apartado para los efectos legales procedentes, los cuales se estudian en su conjunto por encontrarse íntimamente ligados, y consisten básicamente en lo siguiente:

a) Que la sentencia recurrida es violatoria de diversos preceptos que cita, toda vez que el a quo declaró improcedente la vía ejecutiva mercantil.

b) Que el a quo fundó su determinación en la consideración de que el certificado contable no contiene las tasas que se aplicaron para calcular los intereses ordinarios y moratorios causados que se utilizaron para obtener el importe líquido adeudados a cargo del demandado.

c) Que dicha consideración resulta indebida toda vez que las certificaciones contables contienen además de los intereses y tasas aplicadas conforme a lo pactado del contrato por lo que no se deja a la demandada en indefensión y en consecuencia dichas certificaciones junto con los contratos de crédito, constituyen título ejecutivo.

d) Que en el escrito de demanda, la reclamación de intereses ordinarios y moratorios se hizo, para su





D.F. (T. S. DE J.) SALAS. 6

6



liquidación en ejecución de sentencia, por lo que los saldos que señalan los certificados contables por dichos conceptos, no se reflejan en el monto de las prestaciones reclamadas.

e) Que además, la única cantidad líquida que reclamó el apelante, fue la de QUINIENTOS NUEVE MIL DOLARES DE LOS ESTADOS UNIDOS DE AMERICA, esto es el importe del adeudo por concepto de capital, que son las cantidades de que dispuso la demandada.

f) Que el a quo debió declarar procedente la vía y entrar al fondo del asunto.

Los agravios son fundados.

Primeramente, es necesario señalar que en estricto cumplimiento a lo ordenado en el amparo D.C. 430/2005 que ahora se cumple, esta Sala procede a condenar a las codemandadas al pago de los intereses moratorios a partir del día diecinueve de marzo de mil novecientos noventa y nueve y hasta que se realice el pago total conforme se determinó en los documentos base de la acción, pero reiterando las consideraciones y resoluciones que no fueron materia de la protección federal, conforme a las siguientes consideraciones:

Es cierto que en el escrito de demanda, respecto a la liquidación de intereses ordinarios y moratorios se reservó su liquidación en ejecución de sentencia.

También es cierto que la única cantidad que reclamó el apelante, fue la de QUINIENTOS NUEVE MIL DOLARES DE LOS ESTADOS UNIDOS DE AMERICA, esto es el importe del adeudo por concepto de capital, que es precisamente la suma de las cantidades de que dispuso la demandada, respecto de los créditos concedidos en los dos contratos de crédito base de la acción, celebrados el veintiuno de

NOVENA SALA
CIVIL





D.F. (T.S. DE J.) SALAS. 6

7

agosto de mil novecientos noventa y ocho y once de septiembre del mismo año y sus respectivos convenios modificatorios, disposiciones que de conformidad con lo previsto en la CLAUSULA TERCERA de cada uno de los citados contratos, se documentó con los pagarés con importes de CIENTO NOVENTA Y SIETE MIL QUINIENTOS DOLARES DE LOS ESTADOS UNIDOS NORTEAMERICANOS y de TRESCIENTOS ONCE MIL QUINIENTOS DOLARES DE LOS ESTADOS UNIDOS NORTEAMERICANOS suscritos por la demandada el diecinueve de febrero de mil novecientos noventa y nueve.

Así las cosas, es evidente que la reclamación en cantidad líquida que hace el recurrente en el presente juicio no está compuesta por el importe de intereses ordinarios o moratorios, dado que se trata de las cantidades de que dispuso la demandada respecto del crédito originalmente concedido en cada uno de los contratos base de la acción y sus convenios modificatorios y en consecuencia, para la constitución de título ejecutivo conforme a lo dispuesto en el artículo 68 de la Ley de Instituciones de Crédito, resultan suficientes las documentales privadas en las que constan los contratos de crédito base de la acción y convenios modificatorios y los certificados contables expedidos por la actora, en los que se señalan claramente los adeudos de la demandada por concepto de capital respecto de los citados contratos de crédito, en cantidad de CIENTO NOVENTA Y SIETE MIL QUINIENTOS DE DOLARES DE LOS ESTADOS UNIDOS DE AMERICA y TRESCIENTOS ONCE MIL QUINIENTOS DOLARES DE LOS ESTADOS UNIDOS DE AMERICA, cantidades que sumadas ascienden a la cantidad de QUINIENTOS NUEVE MIL DOLARES DE LOS ESTADOS UNIDOS DE AMERICA que es precisamente la

SIN TEXTO



D.F. (T.S. DE J.) SALAS. 6

8

cantidad líquida que se reclama en la demanda, habida cuenta que de conformidad con el artículo 68 de la Ley de Instituciones de Crédito antes mencionado, los certificados contables hacen fe de los saldos a cargo de los acreditados salvo prueba en contrario, saldos que en este caso se constriñen a los adeudos por concepto de capital, que corresponden a las cantidades de las que dispuso la demandada.

En consecuencia, el hecho de que el certificado contable exhibido por la actora no contuviera el desglose mensual de los cargos y abonos por concepto de intereses ordinarios y moratorios, ni las tasas aplicadas para el cálculo de los mismos, no implica que resulte improcedente la vía ejecutiva mercantil, ni deja al demandado en estado de indefensión, puesto que dichos intereses no se encuentran comprendidos dentro de la cantidad líquida reclamada en la demanda, sino que dichos intereses se reclamaron para ser liquidados en ejecución de sentencia.

Ciertamente, para efectos de la reclamación del adeudo por concepto de capital, el título ejecutivo lo constituyen las documentales privadas consistentes en los contratos de crédito base de la acción y sus convenios modificatorios junto con los certificados contables exhibidos por la actora, habida cuenta en dichos contratos de crédito aparece la existencia a cargo de la demandada por el importe de NUEVE MIL DOLARES DE LOS ESTADOS UNIDOS DE NORTE AMERICA, adeudo que quedó documentado en los pagarés suscritos por la demandada, previstos en los mismos contratos.

Así las cosas, resulta evidente que en el caso resultó procedente la vía ejecutiva mercantil, habida cuenta la cantidad líquida reclamada no está compuesta por





D.F. (T. S. DE J.) SALAS. 6

9

intereses.

En consecuencia, el a quo debió considerar procedente la vía ejecutiva mercantil y entrar al estudio del fondo del asunto planteado, lo que no hizo, con el consecuente perjuicio al recurrente, por lo que en reparación al agravio cometido se procede a hacer dicho estudio conforme a lo siguiente.

La vía ejecutiva mercantil resulta procedente, toda vez que la acción se funda en las documentales privadas consistentes en los contratos de crédito celebrados por la parte demandada con la Institución Bancaria actora el veintiuno de agosto de mil novecientos noventa y ocho y once de septiembre del mismo año así como sus convenios modificatorios, conjuntamente con las certificaciones contables, relativas a los citados contratos, documentales exhibidas por la actora en su demanda.

Ahora bien, de los citados contratos y sus respectivos convenios modificatorios, aparece que el Banco actor concedió a la demandada dos créditos el primero de ellos hasta por DOSCIENTOS MIL DOLARES DE LOS ESTADOS UNIDOS DE AMERICA y el segundo hasta por la cantidad de TRESCIENTOS CATORCE MIL DOLARES DE LOS ESTADOS UNIDOS DE AMERICA, mismos de los que dispondría el acreditado mediante disposiciones que se documentarían documentadas en los pagarés previstos en los mismos contratos,

Por otra parte, de las certificaciones contables exhibidas por la Institución Bancaria, aparece que las cantidades a las que ascienden los adeudos por concepto de capital, respecto de los citados contratos son de CIENTO NOVENTA Y SIETE MIL DOLARES DE LOS ESTADOS UNIDOS DE AMERICA Y TRESCIENTOS ONCE MIL QUINIENTOS DOLARES DE LOS ESTADOS UNIDOS DE AMERICA, cantidades que sumadas

NOVENA SALA
CIVIL



SIN TEXTO



D.F. (T.S. DE J.) SALAS. 6

10

ascienden a la cantidad de QUINIENTOS NUEVE MIL DOLARES AMERICANOS, que coincide con la cantidad reclamada por la actora como suerte principal, señalando que la disposición de dichas cantidades se documentó mediante los pagarés previstos en el mismo contrato, y que también exhibe la actora con su demanda. Por lo que en el caso queda acreditado dicho adeudo a cargo de la demandada, habida cuenta que de conformidad con el artículo 68 de la Ley de Instituciones de Crédito, las certificaciones contables expedidas por contador facultado por la Institución de Crédito acreditante, hacen fe salvo prueba en contrario de los saldos a cargo de los acreditados, como lo es el saldo de capital reclamado en el inciso a) de la demanda.

En consecuencia, se concluye debe condenarse a la demandada al pago de la suerte principal reclamada, en cantidad de QUINIENTOS NUEVE MIL DOLARES DE LOS ESTADOS UNIDOS DE AMERICA, lo anterior toda vez que la demandada, no acreditó haber hecho pago alguno en relación a los créditos que le fueron concedidos, ni desvirtuó en forma alguna el referido adeudo que se señala por concepto de capital en las certificaciones contables aludidas.

Ahora bien, de los mismos contratos de crédito base de la acción y sus respectivos convenios modificatorios, también aparece que la demandada se obligó a pagar intereses ordinarios y moratorios, precisándose en procedimiento para el cálculo de los mismos, en consecuencia, también se concluye que también procede condenar a la demandada al pago de los intereses ordinarios y moratorios reclamados en los incisos b) y c) de la demanda a las tasas pactadas en los contratos base de la acción y sus respectivos convenios modificatorios,





D.F. (T. S. DE J.) SALAS. 6

11



aunque sin que proceda condenar a la demandada al pago del Impuesto del Valor Agregado correspondiente a dichos intereses, habida cuenta que dicha prestación no quedó pactada en los contratos de crédito base de la acción, y en el caso, como es de explorado derecho, tratándose de un juicio ejecutivo mercantil debe atenderse a los conceptos expresamente contenidos en el título ejecutivo de que se trate y en los citados contratos no se establece el pago del Impuesto al Valor Agregado, resultando exclusivamente en este punto, fundada la excepción de falta de acción que hacen valer las codemandadas NORTH AMERICAN ENVIROMENTAL FUND, L. P. y RECICLADOS DE MÉXICO, S.A. DE C.V.

Sin que de las pruebas que rindió la parte demandada aparezca elemento o presunción alguna que contradiga las conclusiones anteriores.

Al respecto, es necesario señalar que la codemanda SERVICIOS RECIMEX, S.A. DE C.V. ni siquiera contestó la demanda ni opuso excepciones y por su parte las codemandadas NORTH AMERICAN ENVIROMENTAL FUND, L. P. y RECICLADOS DE MÉXICO, S.A. DE C.V. no acreditaron sus excepciones respecto a la reclamación parte principal e intereses liquidables en ejecución puesto que las de IMPROCEDENCIA DE LA VÍA DE ACCIÓN, PLUS PETITIO, y NULIDAD DE LA CERTIFICACIÓN CONTABLE resultan injustificadas toda vez que como ha quedado dicho, la reclamación en cantidad líquida de capital adeudado y de los intereses pactados en los contratos de crédito base de la acción y sus convenios modificatorios, liquidables en ejecución de sentencia, se fundó en documentos que constituyen título ejecutivo conforme a lo establecido en el artículo 68 de la Ley de Instituciones de Crédito, además que la acción quedó





D.F. (T. S. DE J.) SALAS. 6

12

acreditada conforme a lo señalado en los párrafos precedentes, sin que la parte demandada haya desvirtuado el saldo de capital que se le reclama en cantidad líquida en este juicio y por otra parte de los contratos base de la acción y sus convenios modificatorios aparece que la parte demandada pactó el pago de intereses ordinarios y moratorios, por lo que está obligada a pagarlos de conformidad con lo establecido en el artículo 78 del Código de Comercio. Además, la Institución Bancaria no estaba obligada a comprobar la calidad de contador de la persona que expidió los certificados contables exhibidos. La excepción de FALTA DE ACCION CAMBIARIA y NULIDAD DE PAGARES, también resulta injustificada, toda vez que en el caso no se ejercita acción cambiaria fundada en títulos de crédito, sino que se ejercita la acción ejecutiva fundada en los documentos que constituyen título ejecutivo conforme a lo previsto en el artículo 68 de la Ley de Instituciones de Crédito, tal como se mencionó anteriormente. La excepción de FALTA DE ACCION PARA RECLAMAR INTERESES ORDINARIOS Y MORATORIOS, e INEXISTENCIA DE INTERESES AL RECLAMARSE EN TASA VARIABLE que oponen las codemandadas alegando que no se señaló la forma en que el apelante puede conocer la tasa de referencia, también resulta injustificada, puesto que en el caso como ha quedado dicho el procedimiento para el cálculo de los intereses ordinarios y moratorios quedó debidamente establecido en los contratos base de la acción y sus convenios modificatorios, por lo que es evidente que el apelante conoció dichos procedimientos desde la celebración de los contratos y estuvo conforme con los mismos por lo que no puede ahora eximirse del pago pretextando que no se estableció la manera en la que



SIN TEXTO



D.F. (T.S. DE J.) SALAS. 6

13



podría informarse de la tasa referencial prevista en los contratos. Finalmente la excepción de FALSEDAD IDEOLÓGICA también resulta injustificada, toda vez que de las pruebas aportadas por la actora, aparece que la parte demandada dispuso de las cantidades que se le reclaman por concepto de capital y sus convenios modificatorios y por otra parte la demandada no desvirtuó las certificaciones contables exhibidas por la actora en lo que se refiere al saldo de capital que en las mismas se señala, tal como se señaló anteriormente. La excepción de FALTA DE COBRO, también resulta injustificada, toda vez que el domicilio de la Institución Bancaria actora, quedó debidamente establecido en los contratos de crédito base de la acción, lo que se corrobora de la simple lectura de los mismos. La excepción de COMPENSACIÓN también resulta injustificada, toda vez que las codemandadas la fundan alegando que la Institución Bancaria actora les ha cobrado intereses con base a una tasa que no tiene derecho a recibir y alegando que dicha institución bancaria ha capitalizado los citados intereses que son indebidos, sin embargo, la demandada no acredita haber efectuado pago alguno que pueda dar lugar a la compensación, además que como ha quedado dicho la cantidad líquida que se le reclama no está compuesta por intereses, ni por capitalización de intereses, sino que se trata de las cantidades que originalmente dispuso la demandada respecto de cada uno de los contratos de crédito base de la acción, resultando que, como se señaló anteriormente la liquidación de intereses ordinarios y moratorios reclamados se reserva para la etapa de ejecución de sentencia, precisamente conforme a la tasa pactada en los contratos de crédito base de la acción.

Debiendo condenarse en costas a la demandada en la



SIN TEXTO

D.F. (T. S. DE J.) SALAS. 6.

14

sentencia de primera instancia, de conformidad con lo establecido en el artículo 1084, fracción IV del Código de Comercio, por quedar condenada en juicio ejecutivo.

Así las cosas, toda vez que del estudio que llevó a cabo esta Sala en plenitud de jurisdicción, aparece que quedó parcialmente acreditada la acción ejercida, debe revocarse la sentencia recurrida y en su lugar dictar otra en la que se condene a la demandada al pago de la suerte principal reclamada y de los intereses ordinarios y moratorios, generados en términos de los contratos de crédito base de la acción, tomando como fecha de mora el diecinueve de marzo de mil novecientos noventa y nueve conforme a lo expresamente ordenado en la ejecutoria dictada en el amparo D.C. 430/2005, que es la fecha que quedó establecida para el pago en los contratos base de la acción, como lo señaló la actora en los hechos cuatro, ocho y nueve de su demanda, esto es, debe condenarse a los codemandados al pago intereses ordinarios que deberán liquidarse en la etapa de ejecución de sentencia, a la tasa pactada en los contratos de crédito base de la acción y sus convenios modificatorios, y condenar también a las codemandadas al pago de los intereses moratorios a la tasa pactada en los contratos base de la acción generados a partir del día diecinueve de marzo de mil novecientos noventa y nueve y hasta que se realice el pago total y como se determinó en los documentos base de la acción, debiendo liquidarse también dichos intereses moratorios en la etapa de ejecución de sentencia, y por otra parte debe condenarse también a la demandada al pago de las costas en el fallo de primera instancia que se dicte en lugar de la sentencia recurrida y absolverse a la demandada de la prestación marcada en el inciso d) de



SIN TEXTO



la demanda, consistente en el pago del Impuesto al Valor Agregado.

IV.- En consecuencia, deben declararse fundados los agravios hechos valer por la parte actora y revocar la sentencia definitiva recurrida para quedar como sigue:

PRIMERO.- Resultó procedente la VÍA EJECUTIVA MERCANTIL en que se tramitó el presente negocio jurídico, en la que la actora probó parcialmente su acción y los codemandados NORTH AMERICAN ENVIROMENTAL FUND, L P. y RECICLADOS DE MÉXICO, S.A. DE C.V. probaron parcialmente sus excepciones de falta de acción y la codemandada SERVICIOS RECIMEX, S.A. DE C.V. se constituyó en rebeldía.---------
--- SEGUNDO.- Se condena a las codemandadas NORTH AMERICAN ENVIRÓMENTAL FUND, L.P., RECICLADOS DE MÉXICO, S.A. DE C.V. y SERVICIOS RECIMEX, S.A. DE C.V. a pagar a la actora BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE INVEX GRUPO FINANCIERO, dentro de los CINCO DIAS siguientes a que cause ejecutoria la presente sentencia, el equivalente en pesos mexicanos de QUINIENTOS NUEVE MIL DOLARES DE LOS ESTADOS UNIDOS DE AMÉRICA, al tipo de cambio vigente a la fecha en que se realice el pago, asimismo se condena a dichas codemandadas al pago de los intereses ordinarios pactados, mismos que se liquidarán en la etapa de ejecución de sentencia conforme a las tasas establecidas en los contratos de crédito base de la acción y sus convenios modificatorios, igualmente se condena a las codemandadas al pago de los intereses moratorios pactados, mismos que se liquidarán en la etapa de ejecución de sentencia conforme a las tasas establecidas en los contratos de crédito base de la acción y sus convenios modificatorios, esto a partir del día diecinueve de marzo de mil novecientos noventa y nueve y los que se sigan generando hasta que se realice el pago total, conforme se determinó en los documentos base de la acción.----------------
--- TERCERO.- Se absuelve a la demandada del pago de la prestación marcada con el inciso d) de la demanda.-------------------------------------
--- CUARTO.- Se condena a las codemandadas NORTH AMERICAN ENVIROMENTAL FUND, L. P., RECICLADOS DE MÉXICO, S.A. DE C.V. y SERVICIOS RECIMEX, S.A. DE C.V. al pago de costas en esta instancia.------------
---QUINTO.- Notifíquese."------------------------







D.F. (T. S. DE J.) SALAS. 6

16

Sin condenar en costas en esta alzada, toda vez que en el caso no se actualiza alguno de los supuestos contenidos en el artículo 1084 del Código de Comercio.

Por lo expuesto se,

**R E S U E L V E:**

**PRIMERO.-** **En estricto cumplimiento** a la ejecutoria pronunciada por el Décimo Segundo Tribunal Colegiado en Materia Civil del Primer Circuito, en el amparo DC-430/2005, promovido por BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE INVEX GRUPO FINANCIERO, queda insubsistente la sentencia que pronunció ésta Sala con fecha veintitrés de mayo de dos mil cinco, dictada en el toca relativo al recurso de apelación interpuesto por la parte ACTORA, en contra de la sentencia definitiva de fecha catorce de marzo de dos mil cinco, dictada por el **C. JUEZ VIGÉSIMO SÉPTIMO DE LO CIVIL**, en los autos del juicio **EJECUTIVO MERCANTIL** seguido por **BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE INVEX GRUPO FINANCIERO** en contra de **RECICLADOS DE MÉXICO, S.A. DE C.V., SERVICIOS RECIMEX, S.A. DE C.V.** y **NORTH AMERICA ENVIROMENTAL FUND, L.P.,** expediente número 291/2001.

**SEGUNDO.-** Se substituye la Sentencia actualizada precisada en el anterior punto resolutivo, por la presente sentencia.

**TERCERO.-** Se declaran fundados los agravios hechos valer por la parte ACTORA en contra de la sentencia definitiva de fecha catorce de marzo de dos mil cinco, dictada en los autos del juicio **EJECUTIVO MERCANTIL** seguido por **BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE INVEX GRUPO FINANCIERO** en contra de **RECICLADOS DE MÉXICO, S.A. DE C.V., SERVICIOS RECIMEX, S.A. DE C.V. Y NORTH AMERICA ENVIROMENTAL FUND, L.P.,** expediente número 291/2001.

NOVENA SALA CIVIL

SIN TEXTO



D.F. (T. S. DE J.) SALAS. 6

17

**CUARTO.-** Se **revoca** el fallo recurrido y en su lugar se dicta el precisado en el CONSIDERANDO IV de esta sentencia, que se emite en estricto cumplimiento a lo ordenado en la ejecutoria dictada en el amparo D.C.430/2005.

ADO PONENTE    **QUINTO.-** No se hace condena en costas en esta alzada.

**SEXTO.-** Gírese atento oficio con testimonio de esta resolución al DÉCIMO SEGUNDO TRIBUNAL COLEGIADO EN MATERIA CIVIL DEL PRIMER CIRCUITO, para hacer de su conocimiento el cumplimiento que se ha dado a la sentencia dictada en el Amparo Directo **D.C. 430/2005** promovido por BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE INVEX GRUPO FINANCIERO, relacionado con los amparos directos 460/2005 y 461/2005, en contra de la sentencia dictada por ésta Sala el veintitrés de mayo de dos mil cinco, en el recurso de apelación promovido por la parte actora.

**SÉPTIMO.-** Notifíquese. En su oportunidad, con testimonio de esta resolución, devuélvanse los autos y documentos recibidos al juzgado de origen y archívese el toca.

A S I, de forma colegiada por unanimidad de votos, lo resolvieron los Ciudadanos Magistrados, **LICENCIADOS MARCO ANTONIO RAMÍREZ CARDOSO, MARÍA DEL SOCORRO VEGA ZEPEDA y JULIO CÉSAR MEZA MARTÍNEZ,** integrantes de la Novena Sala Civil del Tribunal Superior de Justicia del Distrito Federal, siendo ponente la segunda de los nombrados, y ante la C. Secretaria de Acuerdos que autoriza y da fe. DOY FE.
MSVZ/mjte/ro/



NOVENA SALA CIVIL



SIN TEXTO



EN EL "BOLETIN JUDICIAL" No. _____ CORRESPONDIENTE

AL DIA _19_ DE _Agosto_ DE 20 _05_

SE HIZO LA PUBLICACION DE LEY. CONSTE.

EN _22_ DE _Agosto_ DEL 20 _05_ A LAS DOCE DEL DIA,

SURTIO EFECTOS LA NOTIFICACION DEL AUTO ANTERIOR CONSTE.

En la ciudad de Mexico Distrito Federal siendo
las trece horas del dia diecinueve de agosto
del año dos mil cinco, presente la C. Maria
Dolores Martinez Perez autorizada por la
parte actora identificandose con credencial
para votar con folio 103208885 expedida
por el Instituto Federal Electoral, en este
acto recibo copia simple de la sentencia
de fecha dieciocho de agosto del presente año.
Firmando al calce para constancia legal. Doy Fe

Se dice recibo con folio 11838501 a cargo del
Banco Scotiabank Inverlat.

OVENA SALA
CIVIL

LA C. SECRETARIA DE ACUERDOS DE LA NOVENA SALA CIVIL DEL TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL, LICENCIADA MARÍA DE LA LUZ ALONSO TOLAMATL-----------------------------------------------

------------------------ C E R T I F I C A ----------------------------

4 2 4

QUE LAS PRESENTES COPIAS FOTOSTÁTICAS QUE SE TIENEN A LA VISTA CONCUERDA FIELMENTE CON SU ORIGINAL QUE OBRA TOCA NUMERO 1361/2003/1, RELATIVO AL JUICIO EJECUTIVO MERCANTIL, SEGUIDO POR BANCO INVEX, S.A. INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX GRUPO FINANCIERO EN CONTRA DE RECICLADOS DE MÉXICO, S.A. DE C.V. Y OTROS, Y SE EXPIDEN LAS PRESENTES COPIAS CERTIFICADAS EN CUMPLIMIENTO A LO ORDENADO POR AUTO DE FECHA TRES DE ABRIL DEL AÑO EN CURSO, CONSTANTES EN DIECIOCHO FOJAS ÚTILES, DEBIDAMENTE SELLADAS, FOLIADAS, COTEJADAS Y RUBRICADAS. CONSTE. MÉXICO, DISTRITO FEDERAL, A CUATRO DE MAYO DEL AÑO DOS MIL SEIS. DOY FE.-------

LA C. SECRETARIA DE ACUERDOS
DE LA NOVENA SALA CIVIL.

LIC. MARÍA DE LA LUZ ALONSO TOLAMATL.

NOVENA SALA
CIVIL

(Seal: The Mexican Coat of Arms with the legend: "UNITED MEXICAN STATES –  SUPERIOR COURT OF THE FEDERAL DISTRICT-MEXICO")

> *NOTE: Such seal is present in all of the sheets that make up this legal document.*

150 Years Providing Justice

The Honorable Speaker Judge: Maria del Socorro Vega Zepeda. Esq.

Second Panel

Project 839

Rosaura

---

Mexico City, Federal District, August the 28th, Year Two Thousand and Five.

HAVING REVIEWED AND CONSIDERED once more the suit file number **1361/2003/1**, to be finally resolved upon **in compliance with the execution of the judgment** rendered by the Second Full Circuit Court on Civil Matters at the Third Circuit, on August the eleventh, Year Two Thousand and Five, at the Direct Suit for *"Amparo[1]"* **D.C. 430/2005** filed by **BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO,** related to the Direct Suits for *Amparos* 460/2005 and 461/2005,

---

[1] T.N. - Amparo, a very powerful provision unique to Mexican law that provides protection against action by authorities. There is no adequate English language translation for this term.

**Exhibit B**



№ 4 2 1 4



against the judgment rendered by this Court Room on May the Twenty Third, Year Two Thousand and Five, at the Appeal filed by the PLAINTIFF against the final judgment dated March the Fourteenth, Year Two Thousand and Five, rendered by the **Twenty Seventh Court on Family Matters,** regarding the **Commercial Executive Proceedings** filed by **BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO** against **RECICLADOS DE MÉXCO, S.A. DE C.V., SERVICIOS RECIMEX, S.A. DE C.V. and NORTH AMERICA ENVIRONMENTAL FUND,** suit file number 291/2001 and;

<center>WHEREAS:</center>

1.    At the **Commercial Executive Proceedings** filed by **BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO** against **RECICLADOS DE MÉXICO, S.A. DE C.V., SERVICIOS RECIMEX. S.A. DE C.V. and NORTH AMERICA ENVIRONMENTAL FUND, L.P.,** suit file number 291/2001, at the **TWENTY SEVENTH COURT ON CIVIL MATTERS,** on February the Fourteenth, Year Two Thousand and Five, the Court rendered a final judgment with the resolutions below:

> "**FIRST.-** The Commercial Executive Proceeding is irrelevant for this judicial matter, as the document granting rights to execute in property (hereinafter *"Título o Ejecutivo")*, pursuant the First Paragraph of Article 68 of the Credit Institutions Law (*Ley de Instituciones de Crédito*) was not created, and



№ 4 2 1 4



therefore, an in-depth analysis of such matter and the analysis of the pleas and defenses raised by the Defendants at the defensive pleading to the complaints were never performed, because it was deemed useless to do so, due to the fact that no change would be made to what has been already considered on such regards.

SECOND.- The rights of the Plaintiff, BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO are held harmless, in order for the Plaintiff to enforce them as appropriate in law.

THIRD.- It is hereby ordered that the attachments made on the assets of the Co-Defendants RECICLADOS DE MÉXICO, S.A. DE C.V., and NORTH AMERICA ENVIRONMENTAL FUND, L.P. are discharged, once the decision herein is legally enforceable.

FOURTH.- A ruling on costs is made on the Plaintiff.

FIFTH.- Let it so be notified."

2. Objecting the Judgment above, the Plaintiff BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO appealed against it and this Court Room REVOKED such Order on May the Twenty Third, Year Two Thousand and Five as follows:

"FIRST.- The Commercial Executive Proceeding on which the current judicial matter was made upon was relevant, having the Plaintiff partially proven the suit and the co-Defendants



№ 4 2 1 4



NORTH AMERICA ENVIRONMENTAL FUND, L.P. and RECICLADOS DE MÉXICO, S.A. DE C.V. partially proven their pleas and lack of action, and the Co-Defendant SERVICIOS RECIMEX. S.A. DE C.V. failed to appear in these proceedings.

SECOND.- It is ruled against the Co-Defendants NORTH AMERICA ENVIRONMENTAL FUND, L.P., RECICLADOS DE MÉXICO, S.A. DE C.V., and SERVICIOS RECIMEX. S.A. DE C.V. to pay the Plaintiff BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO within FIVE DAYS after this judgment is executed, the equivalent in Mexican Pesos to FIVE HUNDRED AND NINE THOUSAND UNITED STATES DOLLARS, at the exchange rate in force as of the day of payment, as well as the ordinary and default interests agreed upon, which will also be settled within the execution stage of the judgment, pursuant the rates stated at the underlying credit contracts of the lawsuit and their modifying agreements, considering the default date August the Ninth, Year Two Thousand and Two.

THIRD.- No rule is made upon the Defendant on the payment as provided in Paragraph d) of the Claim.

FOURTH.- A ruling on costs is made against the Co-Defendants NORTH AMERICA ENVIRONMENTAL FUND, L.P., RECICLADOS DE MÉXCO, S.A. DE C.V., and SERVICIOS RECIMEX. S.A. DE C.V.

FIFTH.- Let it so be notified."



№ 4 2 1 4



3.   Objecting the above judgment, the parties filed related Direct Suits for *Amparo* DC-430/2005, DC-460/2005 and DC-461/2005. The Twelfth Full Circuit Court on Civil Matters of the First Circuit, in the first of such *Amparos*,  rendered judgment on August the Eleventh, Year Two Thousand and Five, GRANTING the Complainant BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO the Constitutional Relief and Protection of the Federal Justice; and as to the *Amparos* DC-460/2005 and DC-461/2005, the Constitutional Relief and Protection of the Federal Justice was DENIED to the Co-Defendants NORTH AMERICA ENVIRONMENTAL FUND, L.P. and RECICLADOS DE MÉXICO, S.A. DE C.V. due to the reasons stated on such executions of the *Amparo* Judgments.

Based on the above, and the following

## RECITALS

I. The *Amparo* Judgment now enforced relevantly states:

"... From the above it is noted that the decision of the Court Room is illegal, given the fact that the Plaintiff did point out the defaulting date by the Borrower of the obligations acquired via the credit opening contracts and the corresponding modifying agreements and the promissory notes, since the Plaintiff stated as defaulting date March the Nineteenth, Nineteen Ninety Nine, therefore, and as the Court Room determined as Defaulting Date August the Ninth, Year



№ 4 2 1 4



[sic] Two Thousand and Two, a violation was made to the provisions of Articles 14 and 16 of the General Constitution of Mexico, to the detriment of the Complainant.

Pursuant the above, <u>Constitutional Relief and the Protection of Federal Justice are granted to the Complainant so that the relevant Court Room discharges the contested judgment and instead, makes a ruling on payment of default interests against the Co-Defendants as of March the Nineteenth, year Nineteen Ninety Nine and until full payment is made pursuant the underlying documents of the lawsuit.</u>

The above decision is extended to the execution writs claimed from the Twenty Seventh Court on Civil Matters of the Federal District Supreme Court, not because of claiming on its own vices, but because it is a consequence of the Court's acts. The above is supported by the Case Law 88, to be found on page 70, Volume VI, Common Matters of the last Appendix to the Federal Judicial Weekly 1917-2000, which reads: "EXECUTION AUTHORITIES, ACTS FROM, NON CLAIMED DUE TO OWN VICES". – If the *Amparo* Judgment...

II. Pursuant the order made by the Federal Execution of Judgment hereby enforced, as stated in the Amparo DC 430/2005 filed by the Plaintiff BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO, this Court Room discharges the judgment dated May the Twenty Third, Year Two Thousand and Five, and in lieu thereof renders a new judgment,



№ 4 2 1 4



whereby ruling on payment of default interests is made against the Co-Defendants as of March the Nineteenth, Nineteen Ninety Nine, and until full payment is made pursuant the underlying documents of the lawsuit, but reinforcing the recitals and decisions which were not subject to Federal Protection, which shall be done as follows.

III. The Plaintiff, now Complainant, asserted its exemptions in its brief filed on April the First, Year Two Thousand and Five, which are deemed as fully included in this section for the appropriate legal effects, which are studied as a whole as they are closely linked and are basically the following:

a) That the judgment contested is a violation of the various legal principles referred to, as the Judge stated the Commercial Executive Proceedings was inappropriate.

b) That the Judge based his decision under the consideration that the accounting certificate does not bear the rates applied in order to calculate ordinary and default interests, which were used to obtain the capital amount of the Defendant's debt.

c) That such consideration is unacceptable, as the accounting certifications bear the break-down of interests and rates applied pursuant the contractual agreements, therefore the Defendant is not defenseless and, as a consequence, such certifications, together with the credit contracts, make up the *Tít ulo Ejecutivo*.



№ 4214



d) That on the Claim Brief, claim of ordinary and interests was made, for it to be settled during the execution of judgment stage, therefore the balances on the items stated on the accounting certificates are not reflected in the amount of the obligations claimed.

e) That also, the only cash amount claimed by the Plaintiff was FIVE HUNDRED AND NINE THOUSAND UNITED STATES DOLLARS, the amount of the capital debt, which is the amount determined by the Defendant.

f) That the Judge should have stated as appropriate the proceedings and get in depth into the subject matter of such proceedings.

The exceptions are well-grounded.

First of all, it is important to point out that on full compliance with the stated on the _Amparo_ D.C. 430/2005, now enforced, this Court Room makes a ruling against the Co-Defendants on default interests payment as of March the Nineteenth, Nineteen Ninety Nine and until full payment is made as provided in the underlying documents of the lawsuit, but stressing the exceptions and decisions that were not subject to Federal Protection based on the following considerations:

It is true that in the writ of summons, a claim for ordinary and default interests payment was made to be settled on the execution of judgment stage.

It is also true that the only amount claimed by the Plaintiff was FIVE HUNDRED AND NINE THOUSAND UNITED STATES



№ 4 2 1 4



DOLLARS, which is the amount of the capital debt, the summation of the amounts stated by the Defendant, regarding the credit granted in the underlying credit contracts of the lawsuit, entered on August the Twenty First, Nineteen Ninety Eight and September Eleventh of the same year, as well as the corresponding modifying agreements, provisions which, pursuant the THIRD CLAUSE on each of such contracts, were documented with Promissory Notes by ONE HUNDRED AND NINETY SEVEN THOUSAND FIVE HUNDRED UNITED STATES DOLLARS and THREE HUNDRED AND ELEVEN THOUSAND FIVE HUNDRED UNITED STATES DOLLARS signed by the Defendant on February the Nineteenth, Nineteen Ninety Nine.

By the status quo, it is obvious that the claim on cash amount made by the Appellant on this trial is not made up by the ordinary or default interests amount, since those are the amounts stated by the Defendant regarding the credit originally granted on each of the underlying contracts of the lawsuit and their modifying agreements and, as a consequence, the documentary evidence, including the underlying credit contracts of the lawsuit and their modifying agreements, as well as the accounting certificates shown by the Plaintiff, clearly stating the Defendant's capital debt amount, regarding such credit contracts, on the amounts of ONE HUNDRED AND NINETY SEVEN THOUSAND FIVE HUNDRED UNITED STATES DOLLARS and THREE HUNDRED AND ELEVEN THOUSAND FIVE HUNDRED UNITED STATES DOLLARS, where the summation of such amounts is FIVE HUNDRED AND NINE THOUSAND UNITED



№ 4 2 1 4



STATES DOLLARS, the cash amount claimed in the lawsuit, are enough evidence to make up the *Título Ejecutivo* as provided on Article 68 of the Credit Institutions Law, due to the fact that under such Article 68 of the Credit Institutions Law, the accounting certificates are evidence of the balances owed by the Borrowers unless it is proven otherwise. Such balances in this case are limited to the capital debts, which are the amounts determined by the Defendant.

As a consequence, the fact that the accounting certificate shown by the Plaintiff did not include the monthly break-down of charges and payments of ordinary and default interests, or the rates applied for calculating the same, does not mean the Commercial Executive Proceedings is inappropriate and does not renders the Defendant defenseless, since such interests are not included in the capital amount claimed, but payment of such interests were claimed on the execution of judgment.

Certainly, for claim purposes of the capital debt, the *Título Ejecutivo* is made up by the documentary evidence consisting on the underlying credit contracts of the lawsuit and their modifying agreements, together with the accounting certificates filed by the Plaintiff, as evidence exists in such credit contracts of the debt owed by the Defendant for the amount of FIVE HUNDRED AND NINE THOUSAND UNITED STATES DOLLARS, a debt which was documented in the Promissory Notes signed by the Defendant, as provided in such contracts.



№ 4 2 1 4



By the status quo, it is evident that the Commercial Executive Proceedings was relevant for the case, due to the fact that the capital amount claimed is not made up by interests.

Consequently, the Judge should have determined the Commercial Executive Proceedings was relevant and perform an in-depth analysis of the subject matter presented, which was not done, therefore causing damage to the Appellant, so as a remedy to such tort, such analysis is to be made below.

The Commercial Executive Proceedings are relevant, as the lawsuit files as underlying documentary evidence the credit contracts entered by the Defendants and the Plaintiff Banking Institution on August the Twenty First, Nineteen Ninety Eight and September the Eleventh of the same year, as well as their modifying agreements, together with the accounting certificates related to such contracts. Such documentary evidence has been filed by the Plaintiff on its lawsuit.

Now, from such contracts and their corresponding modifying agreements, it is evident that the Plaintiff Bank granted the Defendants two credits, the first one for a total of TWO HUNDRED THOUSAND UNITED STATES DOLLARS and the second one for an amount up to THREE HUNDRED AND FOURTEEN THOUSAND UNITED STATES DOLLARS, to be available for the Borrower under the provisions of the Promissory Notes pursuant such contracts.

On the other hand, the accounting certificates filed by the Banking Institution show the amounts of the indebtedness, on the principal, regarding such contracts, which are ONE HUNDRED AND



№ 4 2 1 4



NINETY SEVEN THOUSAND FIVE HUNDRED UNITED STATES
DOLLARS  and THREE HUNDRED AND ELEVEN THOUSAND FIVE
HUNDRED UNITED STATES DOLLARS, the summation of such
amounts is in total FIVE HUNDRED AND NINE THOUSAND UNITED
STATES DOLLARS, an amount matching the amount claimed by
the Plaintiff as principal, pointing out that the use of such amounts
was documented via the Promissory Notes under such contracts,
which are also been filed by the Plaintiff in the lawsuit. So, the
Defendant's debt is credited, based on the fact that pursuant
Article 68 of the Credit Institutions Law, the accounting certificates
issued by an Accountant certified by the Credit Institution granting
the credit, become evidence, unless proven otherwise, of the
balances owed by the Borrowers, such as the principal capital
claimed in Paragraph a) of the lawsuit.

Therefore, it is concluded that a ruling against the Defendant
must be made on payment of the principal claimed, for the amount
of FIVE HUNDRED AND NINE THOUSAND UNITED STATES
DOLLARS, on the grounds that the Defendant did not offer
evidence of payment whatsoever regarding the credits granted, and
the value of such indebtedness was never reduced on such
accounting certificates.

Now, out of the same underlying credit contracts of the
lawsuit and their modifying agreements it is also revealed that the
Defendant was committed to pay ordinary and default interests,
and the procedure for such interests calculation is stated, therefore,
it is concluded that it is relevant also to rule against the Defendant



№ 4 2 1 4



on payment of the ordinary and default interests claimed in Paragraphs b) and c) of the lawsuit at the agreed rates as provided in the underlying credit contracts of the lawsuit and their modifying agreements, however no relevance is found to rule against the Defendant on payment of the Value Added Tax for such interests, due to the fact that such obligation was not agreed upon on the underlying credit contracts of the lawsuit, and in this case, being a recognized legal principle that for a Commercial Executive Proceeding, only the expressed contents in the *Título Ejecutivo* must be taken into account, and in the above contracts no payment of the Value Added Tax is provided, hence, the defense regarding lack of action made by the Co-Defendants NORTH AMERICA ENVIRONMENTAL FUND, L.P. and RECICLADOS DE MÉXICO, S.A. DE C.V. is relevant, solely on this issue.

No evidence from the Plaintiff shows elements or assumptions to oppose the above conclusions.

In that regard, it is important to point out that the Co-Defendant SERVICIOS RECIMEX. S.A. DE C.V. neither responded to the lawsuit, nor filed pleas and the Co-Defendants NORTH AMERICA ENVIRONMENTAL FUND, L.P. and RECICLADOS DE MÉXICO, S.A. DE C.V. did not provide evidence to their defenses regarding the claim of principal and interests to be settled during the execution of judgment, since those about the IRRELEVANCE OF THE PROCEEDING, LACK OF ACTION, PLUS PETITIO and ANNULMENT OF THE ACCOUNTING CERTIFICATION have no cause since, as it has been mentioned, the claim on the principal



Nº 4 2 1



owed and the interests agreed upon in the underlying credit contracts of the lawsuit and their modifying agreements, to settled on the execution of judgment, was supported on the documents making up the *Tít ulo Ejecutivo*, pursuant the Article 68 of the Credit Institutions Law. Also, as it has already been stated, the action was credited without the Defendant having lessen the capital balance claimed in the cash amount of the lawsuit, and on the other hand, in the underlying credit contracts of the lawsuit and their modifying agreements can be noticed that the Defendant agreed on the payment of ordinary and default interest, and it is bound to pay under Article 78 of the Commerce Code. Moreover, the Banking Institution was not bound to substantiate the Accountant capacity of the person who issued the accounting certificates filed. The plea regarding LACK OF EXCHANGE RATE ACTION and ANNULMENT OF THE PROMISSORY NOTES was also irrelevant, as in the case no exchange rate action is exercised based on the credit securities, but the executive action is exercised based on the documents which make up the *Tít ulo Ejecutivo* under the Article 68 of the Credit Institutions Law, as mentioned above. The plea of LACK OF ACTION TO CLAIM ORDINARY AND DEFAULT INTERESTS and ABSENCE OF INTERESTS WHEN CLAIMING IN VARIABLE RATE the Co-Defendants claim under the allegations the absence of a method for the Appellant to know such rate also has no grounds, as it has already been stated the procedure for calculating the ordinary and default interests, which is clearly confirmed in the underlying credit contracts of the lawsuit



№ 4 2 1 4

SIN TEXTO

and their modifying agreements, so it is evident the Appellant knew such procedures from the moment the contracts were entered into, and agreed upon such procedures, therefore payment of such interests can not be exempted under the excuse that the way a report on the above rate, as provided in the contracts, was not clearly stated. Finally, the plea on IDEOLOGICAL FALSEHOOD is also rendered without grounds, as the evidence provided by the Plaintiff proves the Defendant made use of the amounts claimed as capital and their modifying agreements and, on the other hand, the Defendant did not lessen the accounting certificates filed by the Plaintiff regarding the capital balanced therein stated, as it has already been pointed out. The plea on LACK OF COLLECTION is also irrelevant, as the address of the Plaintiff Banking Institution was properly stated in the underlying credit contracts of the lawsuit, a fact that can be verified by simply reading such contracts. The plea on COMPENSATION is also irrelevant, given that the Co-Defendants ground it on the allegation that the Plaintiff Banking Institution has charged interests under a rate the Plaintiff has no right to obtain, and that the Plaintiff has capitalized such undue interests, however, the Defendant offers no evidence of making payments whatsoever in order to obtain such compensation, or for the interests capitalization either, only the amounts the Defendant originally stated regarding each one of the underlying credit contracts of the lawsuit, therefore, as it has already been pointed out, the ordinary and default interests settlement is reserved until the stage of execution of judgment, and



№ 4 2 1 4



pursuant the rate agreed upon in the underlying credit contracts of the lawsuit.

Ruling must be made against the Defendant on costs in the Primary Court Judgment, under Article 1084, Section IV of the Commerce Code, since it has been so ruled for executive proceedings.

Being such the status quo, as from the analysis made by this Court Room with full jurisdiction, it becomes clear that the action exercised was partially credited, the contested judgment must be revoked and another judgment must be rendered where a ruling against the Defendant is made on payment of the claimed principal, as well as the ordinary and default interests, earned under the underlying credit contracts of the lawsuit, taking as default date March the Nineteenth, Nineteen Ninety Nine, as ordered in the execution of judgment for the *Amparo* D.C. 430/2005, which is the date stated for payment in the underlying credit contracts of the lawsuit, as the Plaintiff pointed out on the facts four, eight and nine of its lawsuit, that is to say, ruling against the Defendant must be made on payment of ordinary interests which must be settled during the execution of judgment stage, at the rate agreed upon in the underlying credit contracts of the lawsuit and their modifying agreements, and also a ruling against the Co-Defendants must be made on the payment of default interests at the rate agreed upon in the underlying credit contracts of the lawsuit earned as of March the Nineteenth, Nineteen Ninety Nine and until full payment of such interests pursuant the underlying documents of the lawsuit, also



№ 4 2 1 4



paying such default interests during the execution of judgment stage, and on the other hand, a ruling against the Defendant must be made on payment of costs at the Primary Court Judgment in lieu of the contested judgment and the Defendant is to be rendered acquitted from the obligation of Paragraph d) in the lawsuit, which is payment of the Value Added Tax.

IV. Therefore, the pleas made by the Plaintiff are to be deemed well-grounded and the contested final judgment must be revoked and become as follows:

FIRST.- The COMMERCIAL EXECUTIVE PROCEEDINGS for the current judicial matter was relevant, as the Plaintiff partially proved its case and the Co-Defendants NORTH AMERICA ENVIRONMENTAL FUND, L.P. and RECICLADOS DE MÉXICO, S.A. DE C.V. partially proved their defenses about lack of action and the Co-Defendant SERVICIOS RECIMEX, S.A. DE C.V. failed to appear in this proceedings.

SECOND.- A ruling is made against the Co-Defendants NORTH AMERICA ENVIRONMENTAL FUND, L.P., RECICLADOS DE MÉXICO, S.A. DE C.V. and SERVICIOS RECIMEX, S.A. DE C.V. on payment to Plaintiff BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO, within FIVE DAYS after this judgment is to be executed, the equivalent in Mexican Pesos to FIVE HUNDRED AND NINE THOUSAND UNITED STATES DOLLARS, at the currency in force as of the date of payment, also a ruling is made against the Co-Defendants on payment of the ordinary and default interests agreed upon, which shall be settled



№ 4 2 1 4



during the execution of judgment stage pursuant the rates as stated in the underlying credit contracts of the lawsuit and their modifying agreements and also a ruling against the Co-Defendants is made on payment of the default interests agreed upon, which shall be settled during the execution of judgment stage pursuant the rates as stated in the underlying credit contracts of the lawsuit and their modifying agreements, earned as of March the Nineteenth, Nineteen Ninety Nine and all of those that continue to be earned until full payment is made, as provided in the underlying documents of the lawsuit.

THIRD.- The Defendant is acquitted from payment of the obligation as appears on Paragraph d) of the lawsuit.

FOURTH.- A ruling is made against the Co-Defendants NORTH AMERICA ENVIRONMENTAL FUND, L.P., RECICLADOS DE MÉXICO, S.A. DE C.V. and SERVICIOS RECIMEX, S.A. DE C.V. on payment of costs in this case.

FIFTH.- Let it so be notified."

With no cost ruling made in this appeal, as no update is made in the assumptions of Article 1084 of the Commerce Code.

In witness thereof

## IT IS RULED:

FIRST.- In full compliance to the execution of judgment rendered by the Twelfth Full Circuit Court on Civil Matters of the First Circuit, in the *Amparo* DC-430/2005, filed by BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO



Nᵒ 4 2 1 4



FINANCIERO, the judgment rendered by this Court Room dated May the Twenty Third, Year Two Thousand and Five in the appeal filed by the PLAINTIFF against the final judgment dated March the Fourteenth, Year Two Thousand and Five by the **TWENTY SEVENTH COURT ON CIVIL MATTERS** in the **COMMERCIAL EXECUTIVE** Proceedings filed by **BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO** against **RECICLADOS DE MÉXCO, S.A. DE C.V., SERVICIOS RECIMEX. S.A. DE C.V. and NORTH AMERICA ENVIRONMENTAL FUND, L.P.,** file number 291/2001, is hereby rendered null and void.

**SECOND.-** The judgment on the above lawsuit is replaced by the judgment herein.

**THIRD.-** The pleas made by the PLAINTIFF against the final judgment dated March the Fourteenth, Year Two Thousand and Five, on the **COMMERCIAL EXECUTIVE** Proceedings filed by **BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO** against **RECICLADOS DE MÉXCO, S.A. DE C.V., SERVICIOS RECIMEX. S.A. DE C.V. and NORTH AMERICA ENVIRONMENTAL FUND, L.P.,** file number 291/2001 are hereby rendered as well-grounded.

**FOURTH.-** The order contested is hereby **revoked** and, in lieu, the order stated on RECITAL IV of this judgment is entered, in full compliance to the provided in the execution of judgment rendered for the *Amparo* D.C. 430/2005.

**FIFTH.-** No ruling on costs is made on this Appeal.



Nᵒ A 2 7 4



**SIXTH.-** Notice must be served timely on this decision to the TWELFTH FULL CIRCUIT COURT ON CIVIL MATTERS OF THE FIRST CIRCUIT in order to inform about compliance with the judgment rendered on the Direct Suit for *Amparo* D.C. 430/2005 filed by BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO, related with the Direct Suits for *Amparos* 460/2005 and 461/2005, against the judgment rendered by this Court Room on May the Twenty Third, Year Two Thousand and Five, in the Appeal filed by the Plaintiff.

**NINTH.-** Let it so be notified. From time to time, in witness of the decision herein, let the proceedings and documents be taken back to the original Court and File.

THAT IS HOW, in a joint fashion by unanimity of votes, it was decided by the Honorable Judges, **MARCO ANTONIO RAMIREZ CARDOSO, ESQ., MARIA DEL SOCORRO VEGA ZEPEDA, ESQ. and JULIO CESAR MEZA MARTINEZ, ESQ.** members of the Ninth Court Room on Civil Matters, of the Federal District Supreme Court of Justice, being the speaker the second person named above and before the Court Clerk, in assistance and witness. IN WITNESS HEREOF.

**MSVZ/mjte/ro**

(Signatures)



№ 4 2 1 4



(Seal: the Mexican Coat of Arms with the legend: "UNITED MEXICAN STATES – SUPERIOR COURT OF THE FEDERAL DISTRICT-MEXICO, NINTH COURT ROOM ON CIVIL MATTERS)



The undersigned, SILVIA GLORIA VALDES GARCIA Ave. Universidad No. 2014 Edificio Costa Rica Entrada B-202 Unidad Integracion Latinoamericana Col. Romero de Terreros Tel: 658-82-14 México 5 D.F. official Sworn translator before the Superior Court of Justice of the Federal District, Mexico for the Spanish and English languages, certifies that the above is a true and exact translation of the document attached

Mexico City,    MAY 1 2 2006

SILVIA GLORIA VALDES GARCIA



№ 4 2 1 4



In the "Judicial Gazette" No. _26_ of _August 19th, 2005_ the statutory publication was made. Be it hereby stated and recorded. On _August 22nd, 2005_ at noon, came into effect the notice on the above decree.

(Handwritten Text): In Mexico City, Federal District, at Thirteenth hour of _August the Nineteenth, Year Two Thousand and Five_, in presence of _Maria Dolores Martinez Perez_ duly authorized by _the Plaintiff_, who identified herself with the Official ID number _103208865_ issued by the Instituto Federal Electoral, hereby I receive a _non-attested copy of the Judgment dated August the Eighteenth of this year_ for legal record purposes. In witness thereof.

Receipt number _11838501_ issued by _Banco Scotiabank Inverlat_.

Signatures

(Seal: the Mexican Coat of Arms with the legend: "UNITED MEXICAN STATES – SUPERIOR COURT OF THE FEDERAL DISTRICT-MEXICO, NINTH COURT ROOM ON CIVIL MATTERS")



№ 4 21 4



THE COURT CLERK FOR THE NINTH COURT ROOM ON MATTERS OF THE FEDERAL DISTRICT SUPREME COURT OF JUSTICE, MARIA DE LA LUZ ALONSO TOLAMATL, ESQ.

CERTIFIES:

THAT THE PHOTOCOPIES HEREIN ARE TRUE AND CORRECT COPIES OF THE ORIGINAL FILED UNDER RECORD NUMBER 1361/2003/1, REGARDING THE COMMERCIAL EXECUTIVE PROCEEDINGS FILED BY BANCO INVEX, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE, INVEX, GRUPO FINANCIERO AGAINST RECICLADOS DE MÉXICO, S.A. DE C.V., ET AL, AND THIS COPIES ARE ISSUED PURSUANT A COURT ORDER DATED APRIL THE THIRD OF THE CURRENT YEAR MADE UP BY EIGHTEEN USEABLE SHEETS DULY SEALED, NUMBERED, AUTHENTICATED AND SIGNED. BE IT HEREBY STATED AND RECORDED. MEXICO CITY, FEDERAL DISTRICT ON MAY THE FOURTH, YEAR TWO THOUSAND AND SIX. IN WITNESS HEREOF.

THE COURT CLERK FOR THE NINTH COURT ROOM ON CIVIL MATTERS.

(Signature)

MARIA DE LA LUZ ALONSO TOLAMATL

(Seal: the Mexican Coat of Arms with the legend: "UNITED MEXICAN STATES – SUPERIOR COURT OF THE FEDERAL DISTRICT-MEXICO, NINTH COURT ROOM ON CIVIL MATTERS")



№ 4 2 1 4



SIN TEXTO



The undersigned, SILVIA GLORIA VALDES GARCIA, Ave. Universidad No. 2014 Edificio Costa Rica Entrada B-202 Unidad Integracion Latinoamericana Col. Romero de Terreros Tel: 658-82-14 México 5 D.F. official Sworn translator before the Superior Court of Justice of the Federal District, Mexico for the Spanish and English languages, certifies that the above is a true and exact translation of the document attached

Mexico City,   MAY 1 2 2005

SILVIA GLORIA VALDES GARCIA

ALEJANDRO EUGENIO PEREZ TEUFFER FOURNIER, TITULAR DE LA NOTARIA NUMERO CUARENTA Y CUATRO DEL ESTADO DE MEXICO, CON RESIDENCIA EN HUIXQUILUCAN, CERTIFICO A SOLICITUD DEL LICENCIADO: DANIEL IBARRA HERNANDEZ, QUE ESTA COPIA FOTOSTATICA, EN CUARENTA Y DOS FOJAS UTILES, DE LAS CUALES LAS CUARENTA Y UN PRIMERAS VAN SELLADAS E INICIALADAS POR MI, ES UNA REPRODUCCION FIEL Y EXACTA DE SU COPIA CERTIFICADA DEL TOCA NUMERO MIL TRESCIENTOS SESENTA Y UNO DIAGONAL DOS MIL TRES DIAGONAL UNO, EXPEDIDA POR LA CIUDADANA SECRETARIA DE ACUERDOS DE LA NOVENA SALA CIVIL DEL TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL LICENCIADA MARIA DE LA LUZ ALONSO TOLAMATL, CON SU RESPECTIVA TRADUCCION AL IDIOMA INGLES, LA CUAL FUE REALIZADA POR EL PERITO TRADUCTOR SILVIA GLORIA VALDES GARCIA, AUTORIZADO POR EL TRIBUNAL SUPERIOR DE JUSTICIA DEL DISTRITO FEDERAL, CON LA QUE LA COMPARE, SEGUN CONSTA EN EL ASIENTO MARCADO CON EL NUMERO CUATRO MIL DOSCIENTOS CATORCE, DEL LIBRO DE COTEJOS NUMERO OCHO, DE ESTA FECHA. ------------------------------------------------------------------------------------------

EL PRESENTE COTEJO NO TIENE MAS EFECTOS QUE ACREDITAR LA IDENTIDAD DE LO COTEJADO CON EL DOCUMENTO EXHIBIDO, SIN CALIFICAR SOBRE LA AUTENTICIDAD, VALIDEZ O LICITUD DEL MISMO EN COPIA CERTIFICADA.-------------

ANTE MI. ----------------------------------------------------------------------------------------------------------------------------

DOY FE. -----------------------------------------------------------------------------------------------------------------------------

HUIXQUILUCAN, ESTADO DE MEXICO, A TREINTA DE MAYO DEL AÑO DOS MIL SEIS. -------------------------- segundos.

México
SECRETARIA GENERAL DE GOBIERNO
DIRECCION TECNICA Y DEL PERIODICO OFICIAL
"GACETA DEL GOBIERNO"

Apostille

EDO. DE MEX.

Nº  25282

(Convention de La Haye du 5 octobre 1961)

Derechos _____ $ 161.00 _____

No. Orden _____ 25282/2006 _____

En México el presente documento público ha sido firmado por _____

LIC. ALEJANDRO EUGENIO PEREZ TEUFFER FOURNIER

quien actúa en calidad de NOTARIO PUBLICO NUMERO CUARENTA Y CUATRO DEL

ESTADO DE MEXICO, CON RESIDENCIA EN HUIXQUILUCAN.

y está revestido del sello correspondiente a LIC. ALEJANDRO E. PEREZ TEUFFER

FOURNIER NOTARIA NO. 44 HUIXQUILUCAN, EDO. DE MEX.

Certificado en ESTADO DE MEXICO por LIC. MARISOL DEL PILAR CONTRERAS

SANDOVAL, JEFE DEL DEPARTAMENTO DE LEGALIZACIONES DE LA DIRECCION TECNICA Y DEL PERIODICO OFICIAL

"GACETA DEL GOBIERNO" el 31 de Mayo de 2006