1  Cyrus V. Godfrey (Bar No. 65945)
   cyofla@pacbell.net
2  **LAW OFFICES OF CYRUS V. GODFREY**
   360 North Bedford Drive, Suite 204
3  Beverly Hills, California 90210-5157
   Telephone: (310) 278-8871
4  Fax: (310) 271-6041

5  David Goldman (Bar No. 76551)
   dgoldman@wendel.com
6  Thiele R. Dunaway (Bar No. 130953)
   rdunaway@wendel.com
7  **WENDEL, ROSEN, BLACK & DEAN, LLP**
   1111 Broadway, 24th Floor
8  Oakland, California 94607-4036
   Telephone: (510) 834-6600
9  Fax: (510) 834-1928
   Attorneys for Plaintiff
10 Banco Invex, S.A., Institucion De Banca Multiple,
   Invex Grupo Financiero

11 Michael P. McCloskey (Bar No. 106051)
12 MMccloskey@foley.com
   David J. Aveni (Bar No. 251197)
13 DAveni@foley.com
   FOLEY & LARDNER LLP
14 402 W. Broadway, Suite 2100
   San Diego, California 92101-3542
15 Telephone: (619) 234-6655
   Fax: (619) 234-3510
16 Attorneys for Defendant North America
   Environmental Fund, L.P.
17

18             UNITED STATES DISTRICT COURT
19             NORTHERN DISTRICT OF CALIFORNIA

20 BANCO INVEX, S.A., INSTITUCIÓN DE  )  Case No. C08-0358 WHA
21 BANCA MULTIPLE, INVEX GRUPO       )
   FINANCIERO,                       )
22                                   )
                      Plaintiff,     )
23                                   )  **JOINT CASE MANAGEMENT
       vs.                           )  CONFERENCE STATEMENT**
24                                   )
   NORTH AMERICA ENVIRONMENTAL       )  Date:      May 8, 2008
25 FUND, L.P., a California limited  )  Time:      11:00 a.m.
   partnership,                      )  Courtroom: 9
26                                   )  Judge:     Hon. William H. Alsup
                      Defendant.     )
27                                   )
                                     )
28 _____)

The parties submit the following joint case management conference statement.

## I. JURISDICTION AND SERVICE

The court has jurisdiction over this action under 28 U.S.C. 1332 (a) (2) because there is diversity of citizenship between plaintiff and defendant. Venue is proper in this judicial district under 28 U.S.C. 1391 (a) (2), and (c) because payment of the credit agreements guaranteed by defendant was to be made in Concord, California, which is within this judicial district. There are no issues regarding jurisdiction or venue.

Defendant North America Environmental Fund, L.P. ("NAEF") has been served.

## II. SUMMARY OF FACTS

Plaintiff Banco Invex (the "Bank") is a bank licensed under the laws of the Country of Mexico. Defendant NAEF is a California limited partnership with its principal place of business in California. This is an action by the Bank to have a judgment it obtained in Mexico against NAEF entered under the Uniform Foreign Judgment Recognition Act, so that the judgment may be enforced against NAEF in the United States.

The Bank originally filed an action in this Court (Case No. C00-4030 WHA) on November 1, 2000, against NAEF (the "U.S. Action") to enforce two loan obligations represented by various loan documents, including two promissory notes. In that action, Banco Invex also named as defendants NAEF's general partner, Ventana Environmental Organizational Partnership, L.P. ("Ventana Partnership"), and Ventana Environmental Corporation ("Ventana Corporation"), the general partner of Ventana Partnership, alleging that they were liable under California partnership law. Ventana Partnership is a California limited partnership with its principal place of business in California. and Ventana Corporation is a California corporation with its principal place of business in this state. The U.S. Action was before the Hon. William H. Alsup.

When the Bank filed the U.S. Action, defendants filed a motion to dismiss claiming that under the provisions of the line of credit agreement, the proper venue for suit was Mexico. Plaintiff filed the action in this Court as it had previously sued NAEF

and other defendants in Mexico and the Mexican court ruled that since the loan documents specified the place of repayment as Concord, California, Banco Invex had to sue in the United States. Litigation followed here and in Mexico on whether Banco Invex had to have further proceedings in Mexico before it could proceed in the United States. These proceedings are described in greater detail in plaintiff's motion to transfer this case to Judge Alsup. The parties respectfully refer the Court to those papers rather than repeat that discussion here.

As a brief but not complete summary, Judge Alsup stayed the U.S. Action so that Banco Invex could file an action in Mexico on the obligation. After the Mexico Action had been filed but was proceeding slowly in the Mexico court, Banco Invex dismissed the U.S. Action without prejudice, stating that it intended to return to this Court to have any judgment it obtained in Mexico entered here, since Banco Invex believes that NAEF has no assets in Mexico but has assets here in the United States.

Banco Invex obtained a monetary judgment against NAEF (the "Judgment") in the Mexico Action. On January 18, 2008, Banco Invex filed its Complaint For Entry Of Judgment Under The Uniform Foreign Judgment Recognition Act in the Enforcement Action. NAEF was served with the complaint in early March.

### III. LEGAL ISSUES

In light of the procedural posture of the case, NAEF intends to challenge the finality and the amount of the judgment in Mexico. This will likely raise issues of Mexican law and U.S. law.

### IV. MOTIONS

As this action concerns only the entry of the Mexico Judgment under the Uniform Foreign Judgment Recognition Act, plaintiff Banco Invex does not anticipate bringing any motions at this time. Given the amount of Banco Invex's prayer for relief, defendant NAEF may bring a motion challenging the pleadings.

### V. AMENDMENT OF PLEADINGS

Given the amount Banco Invex has alleged is in controversy, NAEF believes the

complaint needs to be amended.

## VI. EVIDENCE PRESERVATION

Banco Invex and NAEF have taken steps to preserve evidence.

## VII. DISCLOSURES

It appears that this case may be exempt from disclosures under Rule 26(a)(1)(B)(viii), as it is a proceeding ancillary to the Mexico Action because its focus is the entry of the Mexican judgment under the Uniform Foreign Judgment Recognition Act.

## VIII. DISCOVERY

Because this matter concerns the entry of a foreign judgment, the parties are unable to state whether there is a need for discovery. If there are issues of Mexican law raised, it is possible that expert witness testimony would be needed.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

As discussed in greater detail in Banco Invex's Administrative Motion To Consider Whether Case Should Be Related, which was filed pursuant to Local Rule 3-12, there is a close relationship between the above-captioned case (the "Enforcement Action"), and the action styled *Banco Invex, S.A., Institucion de Banca Multiple, Invex Grupo Financiero v. North America Environmental Fund, L.P.*, *et al.,* filed in the United States District Court for the Northern District of California, Case No. C00-4030 WHA (the "U.S. Action"). The Court has since determined the Enforcement Action is a related case, and it has been re-assigned to Judge Alsup.

## XI. RELIEF

Pursuant to the Uniform Foreign Judgment Recognition Act, Banco Invex seeks entry of the judgment it obtained in Mexico. Once that judgment is entered, Banco Invex will then pursue enforcement of that judgment. Banco Invex contends that the judgment provides for a monetary award of $509,000, plus interest, attorney's fees and costs as

provided by the contract documents. Banco Invex requests the Court fix the amount of interest, attorney's fees and costs pursuant to the contract documents, which are to be included in the judgment. In its complaint, Banco Invex alleges it seeks recovery of $2,103,880.19 in interest through January 18, 2008, together with interest as it may accrue from January 18, 2008, and recovery of $89,573.53 in attorney's fees and costs, plus attorney's fees and costs incurred in this Enforcement Action.

Defendant NAEF contends that while the judgment in Mexico provided an award of $509,000, a subsequent Mexican proceeding denied plaintiff's application for costs and interest. Banco Invex contends that its application for interest was denied on technical grounds and without prejudice to its being renewed, and that the denial of the interest application does not change the fact that the judgment for principal of $509,000 is final.

## XII. SETTLEMENT AND ADR

The parties have agreed to mediation to determine if agreement can be reached on the accrued interest and attorney's fees to the present date. At a minimum, such efforts will identify areas of agreement that will allow the parties and the Court to focus on any remaining disputed issues. The parties have not yet seriously broached the subject of settlement.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Given the history between the parties regarding Banco Invex's efforts to litigate its claims against NAEF, and the familiarity of Judge Alsup with that history, Banco Invex feels that this matter will be handled most efficiently by the case remaining with Judge Alsup.

## XIV. OTHER REFERENCES

Because this appears to be a relatively straightforward case concerning entry of a foreign judgment, the case does not appear to be suitable for a reference to binding arbitration or a special master. It does not satisfy any of the requirements for reference to the Judicial Panel on Multidistrict Litigation.

/ / /

## XV. NARROWING OF ISSUES

Banco Invex's complaint raises only three narrow issues: whether the Mexican judgment should be entered under the Uniform Foreign Judgment Recognition Act; and the amount of attorney's fees and costs that should be awarded to Banco Invex as part of the judgment. In its Answer, defendant NAEF asserts that the Mexican Judgment is not yet final and therefore cannot be entered by this Court and that it does not meet the requirements of the Uniform Foreign-Country Money Judgments Recognition Act, California Code of Civil Procedure Section 1713, *et seq.*

## XVI. EXPEDITED SCHEDULE

Because the issues involved are few and fairly narrow, this case may be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties have agreed to ADR in a form where the parties agree on the neutral and each side has present at the ADR conference representatives with authority to settle the matter as well as representatives who are knowledgeable about applicable issues of the law of Mexico. The parties expect each side would attend with a representative from Mexico. Due to the time needed to arrange this, the parties propose that ADR be completed within 60 days. Thereafter, if the matter is not resolved at the ADR, the parties suggest another case management conference with the Court (which may be by telephone if the Court concurs) to set additional deadlines as noted below.

The parties propose the following deadlines:

| | | |
|---|---|---|
| a. | **Completion of ADR** | **July 8, 2008** |
| b. | **Second CMC** | **July 17, 2008** |
| c. | **Designation of experts** | **To be set at second CMC** |
| d. | **Discovery cutoff** | **To be set at second CMC** |
| e. | **Hearing Dispositive motions** | **None anticipated** |
| f. | **Pretrial conference** | **To be set at second CMC** |
| g. | **Trial** | **To be set at second CMC** |

## XVIII.  TRIAL

This matter will be tried to the court.  Bank believes that this is entry of a judgment, which can be done by declaration, and therefore it will take less than one day, unless NAEF raises unexpected defenses.  Depending on the number of experts, NAEF believes trial of this case will take two to three days.

## XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Banco Invex has filed its Certification of Interested Entities or Persons required by Local Rule 3-16.  Banco Invex disclosed the following entities:  INVEX Grupo Financiero, S.A.B. de C.V., Ventana Environmental Organizational Partnership, L.P., Ventana Environmental Corporation, a California corporation, and Ventana Global Ltd.

NAEF has also filed its Certification of Interested Entities or Persons.  NAEF has disclosed the following:

| | |
|---|---|
| Ventana Environmental Organizational Partnership LP | General Partner of North America Environmental Fund LP |
| Ebara Corporation | Limited Partner of North America Environmental Fund LP |
| OHL Inc. | Limited Partner of North America Environmental Fund LP |
| Fidea, N.V. | Limited Partner of North America Environmental Fund LP |
| Constructoras ICA, S.A. de C.V. | Limited Partner of North America Environmental Fund LP |
| Nacional Financiera, S.N.C. | Limited Partner of North America Environmental Fund LP and Ventana Environmental Organizational Partnership LP |
| Waste Management, Inc. | Limited Partner of North America Environmental Fund LP |
| Petroleos Mexicanos | Limited Partner of North America Environmental Fund LP and Ventana |

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

011300.0002\846213.2
5/1/08 11:37 AM

JOINT CASE MANAGEMENT CONFERENCE STATEMENT, Case No. C08-0358 MEJ     -7-

| | |
|---|---|
| | Environmental Organizational Partnership LP |
| Japan Bank for International Cooperation | Limited Partner of North America Environmental Fund LP |
| Rocky Mountain Associates, S.A. | Limited Partner of North America Environmental Fund LP |
| Consolidated Contractors International (UK) Limited | Limited Partner of North America Environmental Fund LP |
| L.A.I. Finance N.V. | Limited Partner of North America Environmental Fund LP |
| Ventana Global Ltd (dba Ventana Environmental Corporation) | General Partner of Ventana Environmental Organizational Partnership LP |
| Dar Al-Taqniya | Limited Partner of Ventana Environmental Organizational Partnership LP |
| Funcadion Mexicana Para la Education Ambiental, A.C. | Limited Partner of Ventana Environmental Organizational Partnership LP |
| The Linde Company | Limited Partner of Ventana Environmental Organizational Partnership LP |
| Ian Sym-Smith | Limited Partner of Ventana Environmental Organizational Partnership LP |
| Thomas O. Gephart | Owner of Ventana Global Ltd |

///
///
///
///
///
///
///
///

**XX.   OTHER MATTERS FOR SPEEDY DISPOSITION**

None anticipated.

Dated: May 1, 2008                      Respectfully submitted,

                                                  WENDEL, ROSEN, BLACK & DEAN, LLP

                                                  LAW OFFICES OF CYRUS V. GODFREY

By   /s/
      Cyrus V. Godfrey
Attorneys for Plaintiff
BANCO INVEX, S.A., INSTITUCION DE
BANCA MULTIPLE, INVEX GRUPO
FINANCIERO

Dated: May 1, 2008                      Respectfully submitted,

                                                  FOLEY & LARDNER, LLP

By   /s/
      Michael P. McCloskey
Attorneys for Defendant NORTH AMERICA
ENVIRONMENTAL FUND, L.P.

Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, California 94607-4036

011300.0002\846213.2
5/1/08 11:37 AM

JOINT CASE MANAGEMENT CONFERENCE STATEMENT, Case No. C08-0358 MEJ        -9-